**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **KLOWNLIFE ESTATE TRUST PMA et al** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:25-cv-03361-MDH** |
| | ) | |
| **HENRY'S TOWING SERVICE, LLC et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## ORDER

Before the Court is Plaintiffs KlownLife Estate Trust PMA and Larry LexxLou Flenoid, II's Pro Se Motion for Leave to File *In Forma Pauperis*. (Doc. 1). Plaintiff Larry LexxLou Flenoid has attached his Application to Proceed Without Prepaying Fees or Costs in support. *Id*. Plaintiffs wish to proceed *in forma pauperis* seeking release of a personal vehicle from Defendant Henry's Towing Service, LLC as well as personal property within the vehicle. Plaintiffs also seek $6,209,285.00 in commercial damages, compensatory damages, punitive damages, statutory damages under 42 U.S.C. § 1983, injunctive relief and declaratory relief.

"Under 28 U.S.C. § 1915, the decision whether to grant or deny *in forma pauperis* status is within the sound discretion of the trial court." *Cross v. Gen. Motors Corp*., 721 F.2d 1152, 1157 (8th Cir. 1983). The Court is also required to conduct a review of Plaintiff's Complaint to be filed *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that …. (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Here, Plaintiff Flenoid's financial condition and status may well qualify him to proceed *in forma pauperis*. However, before Plaintiffs may proceed, the Court must preliminarily consider the allegations of the Complaint under the three-prong test. Plaintiffs' Proposed Complaint alleges several counts including 42 U.S.C. § 1983, Fourth and Fourteenth Amendment violations, civil conspiracy, conversion of property, U.C.C. Article 9 tort injury, RICO predicate acts, and intentional infliction of emotional distress.

Plaintiff KlownLife Estate Trust PMA is subject to being dismissed from the case because it may not proceed without representation, and as a nonlawyer, Plaintiff Larry LexxLou Flenoid, II is not permitted to represent the trust. *See Knoefler v. United bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e. a trust, in a court of the United States." (citing *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697–98 (9th Cir. 1987))). Normally, in light of Plaintiffs' pro se status, the Court would grant them leave to file an amended complaint and additional time to retain an attorney for Plaintiff KlownLife Estate Trust PMA. *See Munz v. Parr*, 758 F.2d 1254, 1259–60 (8th Cir. 1985) (explaining that a court should give a pro se plaintiff a statement of the complaint's deficiencies and a chance to amend the complaint.) However, for reasons described below the Court will decline that opportunity here.

Plaintiff Larry LexxLou Flenoid, II has already filed a second case in this Court with the exact same claims and had his Motion for In Forma Pauperis granted in that case. *See Flenoid v. Henry's Towing Service, LLC et al*, 6:25-cv-03362-MDH (Docs 1 and 4). The only substantive difference is the addition of Defendant Green County Clerk Bryan Feemster and Commissioner David Ankrom. However, Plaintiff provides no details on how Mr. Feemster or Mr. Ankrom are even related to this case in contravention of Federal Rule of Civil Procedure 8. Given the same

claims asserted in the current action with that of the second case the Court finds that this action is duplicative and frivolous as the same claims have been asserted in the second case. *Id.* As such, the Court will deny Plaintiffs' Pro Se Motion for Leave to File In Forma Pauperis in this case.

**CONCLUSION**

The Court finds Plaintiff Larry LexxLou Flenoid, II's Application to Proceed Without Paying Fees or Costs establishes that he is unable to pay filing fees and court costs associated with bringing this Complaint. However, the Court finds that Plaintiff KlownLife Estate Trust PMA may not proceed in this case pro se and must be represented by an attorney. Further, this case is frivolous as it is duplicative of the claims raised by Plaintiff Flenoid in *Flenoid v. Henry's Towing Service, LLC et al*, 6:25-cv-03362-MDH. For these reasons, Plaintiffs' *Pro Se* Motion for Leave to File *In Forma Pauperis* is **DENIED**.

**IT IS SO ORDERED.**

Date: December 4, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**